UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIS MARIE LYNEMA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 1:22-cv-906

HON. ROBERT J. JONKER

**ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Kent's Report and Recommendation recommending that the Court affirm Defendant Commissioner of Social Security's September 29, 2021 decision denying Plaintiff Alexis Marie Lynema's application for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 22). The Court has also reviewed Plaintiff's Objections to the Report and Recommendation. (ECF No. 23). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. Apr. 2023 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that the Magistrate Judge's careful and thorough Report and Recommendation is factually sound and legally supported.

Plaintiff contends on appeal that the Administrative Law Judge ("ALJ") improperly discounted the medical opinion evidence of Dr. Jessica Manning when it determined Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 18). More specifically, Plaintiff asserts that the ALJ failed to directly address several of Dr. Manning's recommendations—such as her opinion that "[i]t is unlikely that [Plaintiff] will be able to independently financially support herself anytime in the next few years, if ever." (*Id.* (citation omitted)). As a threshold matter, the Court rejects Plaintiff's claim to the extent her argument is that the ALJ's interpretation of Dr. Manning's report is procedurally deficient. The ALJ's articulated analysis of the report—which included specific examples and citations to the record—is more than adequate to satisfy 20 C.F.R. §§ 404.1520(c) and 416.920(c) and allow this Court to trace the path of the ALJ's reasoning. (*See* ECF No. 9-2 at PageID.56–65).

Plaintiff's substantive challenge to the ALJ's analysis of Dr. Manning's report fares no better. When viewed as a whole, Dr. Manning's report indicates that Plaintiff can perform work involving a limited number of routine, repetitive, and predictable tasks. (*See* ECF No. 9-8 at PageID.692–700). The Court also agrees with the ALJ and Magistrate Judge Kent that this interpretation of Dr. Manning's report is "generally well supported by her own examination findings" and consistent with the overall case record. (ECF No. 9-2 at PageID.63–64). The Court

therefore concludes that the ALJ's evaluation of Dr. Manning's report and its subsequent RFC findings are supported by substantial evidence.

Plaintiff also argues on appeal that the ALJ failed to properly assess Plaintiff's subjective symptoms and limitations. The Court disagrees. First, the ALJ recognized and applied the correct criteria to evaluate Plaintiff's subjective symptoms and limitations in light of the entire case record. *See* 20 C.F.R. §§ 404.1529(c)(1)–(2), 416.929(c)(1)–(2). (ECF No. 9-2 at PageID.56–65). Second, as the Magistrate Judge pointed out, "[i]n essence, plaintiff is . . . inviting the Court to re-weigh the evidence and substitute its judgement for that of the ALJ." (ECF No. 22 at PageID.1144). This the Court will not do. For the same reasons the ALJ articulated in its decision—including numerous inconsistencies between Plaintiff's subjective reports and her medical treatment and evaluation records—substantial evidence in the record supports the ALJ's conclusion that "the objective medical evidence of record does not support the extent of [Plaintiff's] alleged limitations." (*See* ECF No. 9-2 at PageID.56–65). Consequently, the Court must defer to the ALJ's analysis, even if an equally reasonable mind could have reached the opposite result. *See, e.g.*, *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004), and cases cited. Plaintiff's objections have no impact on the Court's analysis of either of Plaintiff's claims because her objections are only immaterial nitpicks or repackaged versions of arguments the Magistrate Judge appropriately rejected.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 22), is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendant Commissioner of Social Security's decision, (ECF No. 9-2 at PageID.47–67), is **AFFIRMED**.

    3.    This matter is **DISMISSED**.

**IT IS SO ORDERED.**


Dated: <u>January 5, 2024</u>            <u>/s/ Robert J. Jonker</u>
                                                 ROBERT J. JONKER
                                                 UNITED STATES DISTRICT JUDGE